UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EMMETT DUFRESNE AND RITA　　　　　　　　　　CIVIL ACTION
DUFRESNE

VERSUS　　　　　　　　　　　　　　　　　　　NO: 05-0889

DEERE & COMPANY　　　　　　　　　　　　　　SECTION: R(1)

### ORDER

Before the Court is plaintiffs' motion to set aside the magistrate judge's order denying their motion to amend the scheduling order in this case.  Finding no error in the magistrate judge's order, the Court DENIES plaintiff's motion.

Plaintiff Emmett Dufresne alleges that he was injured on August 30, 2004, when a piece of the clutch from a weedeater manufactured by defendant Deere & Company separated from the machine and struck him in the eye.  After the accident, Vince Morabit, a mechanical engineer, inspected the weedeater in question on behalf of defendant.  Plaintiffs assert that, during this inspection, Morabit indicated to Mr. Dufresne that the accident should not have happened and that Mr. Dufresne should be compensated in some way.  Plaintiffs thereafter commenced this action in March 2005.

Pursuant to a scheduling order dated July 14, 2005, plaintiffs were directed to file their expert witness reports no later than December 16, 2005. Defendant was directed to file its expert reports no later than January 16, 2006.

On October 26, 2005, plaintiffs, hoping that Morabit's testimony would be favorable to them and would, perhaps, obviate the need for them to hire their own expert witness, moved to compel defendant to provide an expert report for Morabit and to make him available for a deposition before plaintiffs were required to produce their own expert reports.[1] By order dated November 14, 2005, the magistrate judge denied plaintiffs' motion on the ground that they had not shown good cause to amend the scheduling order. The magistrate judge specifically found that plaintiffs' desire to avoid the cost of retaining their own expert witness was not good cause to amend the scheduling order.

On November 23, 2005, plaintiffs moved to set aside the magistrate judge's order. Plaintiffs' motion was set for hearing in this Court January 4, 2006. On December 16, 2006, this Court signed an order extending the deadlines for expert reports contained in the Court's scheduling order for thirty days pending

---

[1] Under Federal Rule of Civil Procedure 26(b)(4)(A), the parties to a case are permitted to depose the opposition's expert only *after* the expert has filed an expert witness report under Rule 26(a)(2). *See* Fed. R. Civ. P. 26(b)(4)(A).

the Court's disposition of plaintiffs' motion.

Federal Rule of Civil Procedure 72(a) provides that a nondispositive order of a magistrate judge shall be set aside if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Plaintiffs here have failed to make such a showing. The timing of expert disclosures in this case was set by the Court's July 14, 2005 scheduling order, which provided that defendant was to produce its expert reports, if any, after plaintiffs produced their expert reports. See Fed. R. Civ. P. 26(a)(2)(C) (expert disclosures "shall be made at the times and in the sequence directed by the court"). That order was subject to modification only upon good cause shown. See Fed. R. Civ. P. 16(b).

The order of disclosure provided in the scheduling order accords with common sense. The burden of proof at trial is on the plaintiffs, not the defendant. It would serve little purpose to require a defense expert to submit what is, in effect, a rebuttal report before plaintiffs have provided their own expert report in support of their case. That plaintiffs might hope to satisfy their burden of proof through the testimony of defendant's expert does not necessarily entitle them to depose, or compel a report from, that expert in advance of hiring their own expert. Accordingly, the magistrate judge's conclusion that plaintiffs' desire to avoid the cost of hiring their own expert

3

did not constitute good cause to amend the scheduling order was neither clearly erroneous nor contrary to law.  Accordingly, plaintiffs' motion is DENIED.

New Orleans, Louisiana, this  24th  day of January, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE